IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHNNY GROGAN                                                                      PETITIONER

VS.                                                       CIVIL ACTION NO. 3:13cv311-DPJ-FKB

TIMOTHY OUTLAW                                                                    RESPONDENT

## REPORT AND RECOMMENDATION

### I. Introduction and Procedural History

This is an action for federal habeas relief pursuant to 28 U.S.C. § 2254. Presently before the Court is the motion to dismiss filed by Respondent. Petitioner has not responded to the motion. Having considered the motion, the undersigned recommends that it be granted and the petition dismissed with prejudice.

Johnny Grogan pleaded guilty in the Circuit Court of Scott County, Mississippi, on June 1, 2007, to one count of sexual battery in cause no. 07-cr-002 and two counts of gratification of lust in cause no. 07-cr-004. He was sentenced that same day to serve twenty years on the sexual battery count and two years on each gratification of lust count, the sentences in cause no. 07-cr-004 to run consecutively to each other and to his sentence in cause no. 07-cr-002.

On June 26, 2008, Grogan filed a motion for post-conviction relief (PCR) alleging that his guilty plea had not been made knowingly, intelligently, and voluntarily. Although Grogan specifically referenced cause no. 07-cr-002 on the front page of the motion, the body of the motion discussed his pleas in both cases. The court denied the motion on October 13, 2008. Grogan did not appeal the trial court's denial of relief.

Grogan filed a second PCR motion in the trial court on May 22, 2010. Again, although he indicated on the title page that his motion challenged the judgment in cause no. 07-cr-002, his arguments concerned his guilty plea on the gratification of lust counts as well as the sexual battery count. By order dated June 28, 2010, the court dismissed the motion as successive. Grogan filed an appeal, and on November 8, 2011, the Mississippi Court of Appeals entered an opinion affirming the trial court's dismissal. *Grogan v. State*, 89 So. 3d 617 (Miss. Ct. App. 2012). In so doing, the court of appeals limited its review to cause no. 07-cr-002, noting that pursuant to Miss. Code Ann. § 99-39-9(2), a PCR motion must be limited to one judgment. Grogan's petition for a writ of certiorari to the Mississippi Supreme Court was denied on June 7, 2012. He filed his § 2254 petition with this Court on or after May 12, 2013.[1]

## II.  State Court Cause No. 07-cr-002

Respondent seeks dismissal of Grogan's challenge to his conviction for sexual battery, state court cause no. 07-cr-002, as untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>   (A) the date on which the judgment became final by the

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Grogan's petition was "filed" sometime between the date it was signed, May 12, 2013, and the date it was received and filed by the district court, May 21, 2013.

2

>>conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Grogan's judgment became final, at the latest, on July 1, 2007, thirty days after he was sentenced.[2]  He had one year from that date, or until July 1, 2008, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court. Because Grogan had a properly-filed PCR motion pending from June 26, 2008, until October 13, 2008, he is entitled pursuant to § 2244(d)(2) to 110 days of statutory tolling.

---

[2]By statute, there is no direct appeal from a guilty plea in Mississippi.  *See* Miss. Code Ann. § 99-35-101.  However, at the time of Grogan's plea, the Mississippi Supreme Court recognized an exception to this prohibition, allowing an appeal within thirty days of the sentencing order when the issue concerned an allegedly illegal sentence.  *See, e.g.*, *Acker v. State,* 797 So. 2d 966 (Miss. 2001).  (This exception no longer exists for guilty pleas taken after July 1, 2008.  *See Seal v. State*, 38 So. 3d 635 (Miss. App. 2010)).  Therefore, at the latest, pursuant to *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003), Grogan's conviction became final when his thirty-day period for seeking review of the sentence expired.

3

His one year expired on October 19, 2008 (one year from July 1, 2007, plus 110 days), and because October 19, 2008, was a Sunday, his habeas petition was due on Monday, October 20, 2008. Thus, Grogan's claims regarding his sexual battery conviction are untimely.

### III. State Court Cause No. 07-cr-004

The same analysis applies to Grogan's challenge to his gratification-of-lust convictions and sentences, cause no. 07-cr-004, with the qualification that he would arguably not be entitled to any tolling for the period during which his first PCR motion was pending.[3] Thus, these claims are likewise barred.

Furthermore, Grogan has procedurally defaulted these claims. Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the substance of the federal claim set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). Grogan has never presented his challenge to these convictions to the Mississippi Supreme Court in a procedurally proper manner. Furthermore, it is clear that there is no longer any avenue of relief available to him in state court, as any PCR application would be time-barred pursuant to Miss. Code Ann. § 99-39-5(2). Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal

---

[3]Grogan's first PCR application would likely not be considered "properly filed" as to cause no. 07-cr-004, as Mississippi law requires that a PCR motion be limited to a single judgment. *See* Miss. Code Ann. § 99-39-9-(2).

habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).   Thus, because these claims would now be procedurally barred in state court, they have been procedurally defaulted for purposes of federal habeas review, and this court may not review their merits absent a showing of either cause for and prejudice from the default, or that failure to consider his claims would result in a fundamental miscarriage of justice.  *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).  Grogan has made no showing that either of these exceptions is applicable.

## IV.  Conclusion

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition be dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 22nd day of November, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE