UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNY GROGAN											PETITIONER

V.										CIVIL ACTION NO. 3:13-CV-311DPJ-FKB

TIMOTHY OUTLAW										RESPONDENT

ORDER

This closed habeas corpus proceeding has returned to the Court on two motions filed by Petitioner Johnny Grogan. In the first, Grogan moves "for an extension of time . . ." to produce "his evidence and his side of the story . . . ." Pet'r's Mot. [19] at 1, 2. The second motion [20] seeks an evidentiary hearing. Having duly considered the premises, the Court finds that the motions should be denied.

I.	Background

Johnny Grogan pleaded guilty in the Circuit Court of Scott County, Mississippi, on June 1, 2007, to one count of sexual battery and two counts of gratification of lust. He was sentenced that same day to serve twenty years on the sexual battery count and two years on each gratification of lust count, with the sentences to run consecutively.

Grogan filed the instant § 2254 petition with this Court on or after May 12, 2013, prompting a motion to dismiss on June 14, 2013. Magistrate Judge F. Keith Ball issued his Report and Recommendation [11] on November 22, 2013, recommending dismissal. As Judge Ball noted, Grogan's petition was untimely as to the conviction in cause no. 07-cr-002 (sexual battery), and he never exhausted his claims related to cause no. 07-cr-004 (gratification of lust). Grogan did not object to the Report and Recommendation, so it was adopted as unopposed on

December 13, 2013.  *See* Order [12]; Judgment [14].  Grogan did not appeal, but nearly nineteen (19) months later, on August 18, 2015, Grogan filed the present motions.

II.     Analysis

While Grogan filed two separate motions, the issues he raises largely overlap.  In general, he seeks another opportunity to prove his case.  Grogan states in his motion for a "time enlargement" that he was misled by a paralegal "causing me to get behind and time barred."  *See* Pet'r's Mot. [19] at 1.  He also asserts that mental deficiencies have interfered with his ability to pursue his claims.  *Id.*  He then contends that he is "factually innocent of the charges, and if given a fair chance, he can and will prove this."  *Id.*  Grogan concludes the first motion by arguing that "he should be entitled to the [r]elief [s]ought, and given the chance to produce his evidence and his side of the story because he is [f]actually [i]nnocent and [i]llegally [h]eld in [c]ustody."  *Id.* at 2.

Grogan's motion for an evidentiary hearing raises these same issues.  For example, he claims that he can prove his actual innocence if given a hearing.  *See* Pet'r's Mot. [20] at 1.  He also revisits his alleged mental/emotional issues at the time of his arrest, conviction, and presently.  *Id.* at 2.  Finally, Grogan asserts that he received ineffective assistance of counsel with respect to the advice he was given regarding potential sentences.  *Id.* at 1  2.

Liberally construing these two motions collectively, Grogan first seeks an evidentiary hearing to prove his actual innocence.  Second, he insists that his mental/emotional health issues should excuse his delinquent filings, possibly including the missed limitation period under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) and the missed deadline to object to the Report and Recommendation.  While Grogan does not cite any rules or statutes that

might allow the Court to reopen the case, his arguments echo themes found in Rule 60(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. §§ 2244(b) and 2254, which apply specifically to habeas petitions.  The Court therefore considers his arguments in light of these provisions.

  A.  Actual Innocence

  Admittedly, Grogran's actual-innocence arguments are not clear.  It appears that he seeks an evidentiary hearing to prove actual innocence as a separate ground for habeas relief.  But it could also be that he seeks to prove actual innocence as a means for overcoming the AEDPA bars upon which this Court denied his habeas petition.  Neither argument has merit.

    1.  Actual Innocence as a Basis for Habeas Relief

  Arguing actual innocence as a separate basis for habeas relief presents a new claim.  In his original Petition in this Court, Grogan claimed in Ground Two that he did not admit "all elements" of the offense because he "never stated that he knowingly and intentionally committed the crime of sexual battery."  Pet. [1] at 4.  This characterization is consistent with the position taken in state court where Grogan argued that he "never admitted that he engaged in such actions knowingly and was aware that he violated the law."  May 27, 2010 PCR [5-5] at 10.  Grogan did, however, admit during his plea colloquy "that he engaged in sexual penetration with a child under fourteen years of age when he was at that time more than twenty-four months older, by inserting his penis into the anus of the child."  *Grogan v. State*, 89 So. 3d 617, 622 (Miss. Ct. App. 2011).  In other words, until the present motions, Grogan appeared to have conceded the sex acts, but denied admission of every element of the offense.  Grogan now claims to have new evidence showing that someone else actually committed the acts.  *See* Pet'r's Mot. [19] at 1; Pet'r's Mot. [20] at 1  3.

As a new ground for habeas relief, the claim faces a number of hurdles. First, "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Herrera v. Collins*, 506 U.S. 390, 400 (1993) (citation omitted). Second, the claim was never raised in state court, so it remains unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."); *see also Woodfox v. Cain*, 805 F.3d 639, 648 (5th Cir. 2015) (holding that "an actual innocence claim is better directed to state courts in the first instance").[1] Finally, even assuming a cognizable and exhausted claim, a post-judgment motion raising new grounds for habeas relief is considered a successive application under 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). As such, this Court would lack jurisdiction to hear the claim until the petitioner seeks and is granted leave from the Fifth Circuit Court of Appeals to file a successive petition. 28 U.S.C. § 2244(b)(3).[2]

    2.  Actual Innocence as a Gateway Past Procedural Bars

Actual innocence can serve as a "gateway" to overcome the failure to timely file a federal

---

[1] Mississippi Code section 99-39-23(6) would allow a successive state-court motion for post-conviction relief based on "evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence."

[2] Title 28 U.S.C. § 1631 states that a court "shall, if it is in the interest of justice, transfer" an action for which it lacks jurisdiction "to any other such court in which the action . . . could have been brought at the time it was filed . . . ." The interests of justice do not suggest transfer in this case because actual innocence is not a separate ground for habeas relief, and even if it was, the claim has not been exhausted.

habeas petition and/or exhaust at the state-court level. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (holding "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). If Grogan intended this argument, then his claimed actual innocence would not relate to the merits of the state-court judgment and his motions would not constitute a new and successive application for habeas relief under § 2244(b). *See Gonzalez*, 545 U.S. at 532 (attacks on rulings that do not reach the merits are not "claims" subject to the rules on successive petitions). In other words, the Court would have jurisdiction to consider the present motions if offered as a gateway to excuse his delinquent and unexhausted habeas petition. *See Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) (holding that district court had jurisdiction to consider Rule 60(b) motion related to procedural bars under AEDPA).

Viewing Grogan's new evidence of actual innocence in this light invokes Rule 60(b)(2), which allows a court to "relieve a party or its legal representative from a final judgment" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." But Rule 60(b)(2) motions based on newly discovered evidence must be filed within one year of final judgment. Fed. R. Civ. P. 60(c). Because Grogan waited more than one year after judgment to offer his new evidence, Rule 60(b)(2) relief is foreclosed.

Relief under Rule 60(b)(6) is also unavailable. *See United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) (holding that "if a motion was of a type that must be brought within a year, and that year passed without filing, the movant cannot resort to Rule 60(b)(6); rather, it finds [ ] itself without Rule 60(b) remedy altogether."). The Court therefore concludes that

5

Grogan is precluded from reopening this case under Rule 60(b) to alter or amend the judgment based on newly discovered evidence of actual innocence.[3]

In sum, Grogan is not entitled to relief whether he seeks an opportunity to offer new evidence of actual innocence as a separate basis for habeas relief or as a gateway to overcome procedural bars.

B.    Mental/Emotional Issues

Grogan next argues in his two motions that he suffers from mental and/or emotional issues that impair his ability to meet deadlines. He seems to apply this argument to the procedural defaults that occurred under the AEDPA and to his rather late request to reopen his case. As such, the issue touches on his desire to prove actual innocence and on his procedurally barred claim of ineffective assistance of counsel.

Viewing his references to mental/emotional issues under Rule 60(b)(6), Grogan was required to make the argument in a "reasonable time." Fed. R. Civ. P. 60(c). But he waited 19 months after final judgment to act. If some mental/emotional incapacity could account for this delay, then perhaps the Court would consider allowing him to now address the AEDPA issues that formed the basis of this Court's judgment. But he has not presented such a record.

Grogan's evidence starts with an affidavit from Cynthia Franklin, a mental health counselor who states that since Grogan has been detained at the South Mississippi Correctional

---

[3]Even if the motion had been timely filed, Grogan has not shown that the evidence is "new." According to Grogan, he received a letter regarding his actual innocence "5 years after his conviction . . . ." Pet'r's Mot. [20] ¶ 1. Grogan was convicted in June 2007, so he presumably received this evidence in 2012, some three years before he offered it. And even assuming he did not receive the letter at that time, he has not shown why he could not find supporting evidence in the eight years since he pleaded guilty.

6

Institute, she has seen him for "mood swings, hallucinations, and complain[t]s of anxiety and depression." Franklin Aff. [19-1] ¶¶ 1 3. Grogan also submits medical records from 2005, indicating that he suffered suicidal ideations and made two "feeble" attempts to take his life with "a butter knife and a key." Health Rec. [19-1] at 3. He also presents more serious evidence of depression in 2007, noting that he was receiving inpatient treatment for depression and suicidal ideations when he was arrested for the disputed offenses. But other documents in the record add context. For example, his medical records from 2007 also indicate "[n]o apparent psychotic behavior," Def.'s Mot. [5-3] at 16, and that his "thought processes are linear. Judgement, awareness, and insight are intact. Knowledge and intelligence are fair." *Id.* at 20.

In addition to these records, the Court takes judicial notice of its own docket, which shows that Grogan actively pursued a separate civil case throughout the 19 months that passed before he filed the current motions. *See* Civil Action No. 1:14cv359. During those months, Grogan filed a pro se Complaint along with 41 other submissions. Grogan was clearly capable of filing legal documents in the time since this case was closed. So, while Grogan has demonstrated depression and suicidal ideations, he has not adequately explained why he never objected to the Report and Recommendation and then waited 19 months to ask for an evidentiary hearing. His motion for additional time and his motion for an evidentiary hearing are both untimely.[4]

---

[4]Even if the motion for evidentiary hearing had been timely filed, it would be denied because the mental/emotional issues are not sufficiently severe to equitably toll the limitations period. *See Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Plus, reviewing courts are generally limited to the state-court record. *See Cullen v. Pinholster*, 563 U.S. 170, 183 (2011). And even if applicable, Grogan has not met the requirements of 28 U.S.C. § 2254(e)(2), because he has not shown that his new evidence "could not have been discovered previously through the exercise of due diligence."

III.     Conclusion

The Court finds the instant motions should be denied.  To the extent Grogan's actual-innocence argument is offered as a new ground for habeas relief, it is not a basis for such relief, has not been exhausted, and would constitute a successive petition.  If the actual-innocence argument is viewed as a gateway to attack the AEDPA bars that premised this Court's judgment dismissing Grogan's habeas petition, then the motion under Rule 60(b)(2) is untimely.  Moreover, Grogan has not demonstrated that any mental/emotional issues he may suffer from should excuse his delinquent petition, his failure to object to the Report and Recommendation, or his unreasonable delay in seeking to alter or amend the judgment.  Accordingly, it is hereby,

ORDERED that the pending motions [19, 20] are DENIED.

**SO ORDERED AND ADJUDGED** this the 7th day of December, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE